1  Enrique Martínez, CA Bar No. 206884
   LAW OFFICES OF ENRIQUE MARTINEZ
2  360 Grand Avenue, #141
   Oakland, CA 94610
3  Telephone: (510) 764-6470
   Facsimile:  (510) 550-2858
4  emartinez15@comcast.net

5
6  *Attorney for Plaintiffs*

7
8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  JORGE ALVARENGA, LUIS ARELLANO,          Case No. _____
    LUIS BRIZUELA, OMAR GAVARRETE,
13  MELVIN B. LOPEZ, MIGUEL A. MARQUES,       **COMPLAINT FOR MONEY DAMAGES**
    PATRICIA PINEDA and MIGUEL ANGEL
14  VAZQUEZ,                                  FOR:
                                              1. FAILURE TO PAY OVERTIME
15              Plaintiffs,                   COMPENSATION;
                                              2. FAILURE TO PAY MINIMUM WAGES;
16  vs.                                       3. FAILURE TO PROVIDE MEAL AND REST
                                              PERIODS;
17                                            4. FAILURE TO REIMBURSE BUSINESS
    NATIONAL APARTMENT FLOORING, INC., a      EXPENSES;
18  corporation, and RICHARD BERLE, an        5. FAILURE TO FURNISH ACCURATE
    individual,                               WAGE STATEMENTS;
19                                            6. WAITING TIME PENALTIES;
                Defendants.                   7. CALIFORNIA LABOR CODE ATTORNEY
20                                            GENERAL ACT PENALTIES;
                                              8. UNFAIR/UNLAWFUL BUSINESS
21                                            PRACTICES;
                                              9. WRONGFUL TERMINATION IN
22                                            VIOLATION OF PUBLIC POLICY
23
                                              **DEMAND FOR JURY TRIAL**
24

25

26

27

28

Jorge Alvarenga, Luis Arellano, Luis Brizuela, Omar Gavarrete, Melvin B. Lopez, Miguel A. Marques, Patricia Pineda and Miguel Angel Vazquez ("Plaintiffs"), complain and allege as follows:

## I.   **INTRODUCTION**

1.       Plaintiffs were employed by Defendants National Apartment Flooring, Inc. and Richard Berle (collectively "Defendants") within the past four years as Installers, installing carpet, vinyl, hardwood, and other flooring products in residential and commercial structures.  They bring claims individually under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 206, 207, 216(b), seeking overtime compensation, liquidated damages (or, in the alternative, interest), and attorneys' fees and costs at any time since three years prior to the filing of this Complaint ("FLSA Liability Period").

2.       This action is also brought under the Labor Code Private Attorney General Act ("PAGA"), California Labor Code § 2698 *et seq.*, at any time since one year prior to the filing of this Complaint for civil penalties under PAGA for violations of the California Labor Code, as noticed and alleged in their January 29, 2013 letter to the California Labor and Workforce Development Agency (a true and correct copy of which is attached as Exhibit 1).

3.       Plaintiffs also bring this action on their own behalf to recover for violations of the California Labor Code and Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.* for unpaid minimum wages, liquidated damages for failure to pay minimum wages, unpaid overtime compensation, premium wages for failure to provide off-duty meal periods, premium wages for failure to provide rest periods, penalties for failure to furnish accurate itemized wage statements, and indemnification of unreimbursed business expenses from the time period of four years prior to the filing of this Complaint through to trial in this action ("California Liability Period").  In an effort to explore the possibility of resolution prior to involving the Courts, counsel for the parties entered into a Tolling Agreement to toll the statute of limitations as to Plaintiffs' claims alleged herein.  The agreement was effective on February 15, 2013 and operated to toll the statute of limitations until July 23, 2013.

4.       Plaintiffs were not exempt from California's overtime or meal and rest period requirements or the overtime requirements of FLSA.

5.      During the California and FLSA Liability Periods, Defendants failed to pay Plaintiffs for all hours worked because Defendants paid them on a piece-rate basis based on the square footage of the flooring they installed but did not pay them any wages for hours they worked on non-installation tasks, such as receiving instructions, cleaning, preparatory work, and travel time.  This resulted in Defendants failing to pay minimum wages required under the FLSA (29 U.S.C. § 206(a)) and California Labor Code § 1194 and the applicable California Industrial Welfare Commission Wage Order ("Wage Order").

6.      Defendants' failure to pay Plaintiffs for all hours worked also resulted in denial of overtime premium pay to these employees for all hours worked in excess of 40 hours, in violation of the FLSA (29 U.S.C. § 207(a)(1)) and California Labor Code §§ 510 and 1194 and the applicable Wage Order during the California and FLSA Liability Periods.

7.      During the California Liability Period, Defendants did not provide Plaintiffs with proper meal periods, as required by California Labor Code §§ 226.7 and 512 and the applicable Wage Order. Plaintiffs are owed an additional hour of pay at their regular rate for each day they were not provided lawful meal periods.

8.      During the California Liability Period, Defendants did not provide Plaintiffs with proper rest periods, as required by California Labor Code §§ 226.7 and the applicable Wage Order.  Plaintiffs are owed an additional hour of pay at their regular rate for each day they were not provided lawful rest periods.

9.      During the California Liability Period, Defendants failed to reimburse Plaintiffs for expenses necessarily incurred during the performance of their duties as Installers in violation of California Labor Code § 2802.  Each Plaintiff is owed indemnification for such business expenses.

10.     During the California Liability Period, Defendants did not furnish Plaintiffs with timely itemized wage statements accurately showing total hours worked by each Plaintiff, as required by California Labor Code § 226.  Each Plaintiff is owed fifty dollars ($50) for the initial pay period in which Defendants failed to provide a statement showing total hours worked and one hundred dollars ($100) for each subsequent pay period, up to a total of four thousand dollars ($4000).

11.     Defendants wrongfully terminated Plaintiffs Vazquez and Pineda in January 2013 in violation of public policy for refusing to sign an agreement that they have been paid for all hours worked even though Mr. Vazquez informed Defendants that they had not been paid for all hours worked.

12.     Defendants willfully failed and refused to timely pay Plaintiffs Alvarenga, Arellano, Gavarrete, Lopez, Pineda and Vazquez, formerly employed by Defendants within three years of the filing of this Complaint wages due for unpaid overtime and minimum wage compensation and meal periods to these Plaintiffs at the conclusion of their employment, entitling them to statutory penalties under California Labor Code §§ 201-203.

## II.     JURISDICTION

13.     This Court has jurisdiction over Plaintiffs' federal law claims pursuant to the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendants.

## III.     VENUE

14.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in the County of Santa Clara within this District and this Division.  Defendants maintained offices, transacted business, and had agents in Santa Clara County.  Plaintiffs were employed by Defendants in Santa Clara County within this District and this Division.

15.     Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Jose Division is proper because a substantial part of the events giving rise to claims presented in this Complaint occurred in the County of Santa Clara.

//

//

//

//

1

### IV.     PARTIES

2

**Plaintiffs**

3      16.     Plaintiff Jorge Alvarenga resides in San Jose, which is located in Santa Clara County,

4   California.  He was employed as an Installer by Defendants from about 2008 to November 2012

5   reporting to their San Jose, California warehouse.

6      17.     Plaintiff Luis Arellano resides in San Jose, which is located in Santa Clara County,

7   California.  He was employed as an Installer by Defendants from about 2009 to January 2013 reporting

8   to their San Jose, California warehouse.

9      18.     Plaintiff Luis Brizuela resides in San Jose, which is located in Santa Clara County,

10   California.  He has been employed as an Installer by Defendants from about 2005 to the present

11   reporting to their San Jose, California warehouse.

12      19.     Plaintiff Omar Gavarrete resides in San Jose, which is located in Santa Clara County,

13   California.  He was employed as an Installer by Defendants from about 2008 to July 2013 reporting to

14   their San Jose, California warehouse.

15      20.     Plaintiff Melvin B. Lopez resides in Manteca, which is located in San Joaquin County,

16   California.  He was employed as an Installer by Defendants from about 2008 to December 2012

17   reporting to their San Jose, California warehouse.

18      21.     Plaintiff Miguel A. Marques resides in San Jose, which is located in Santa Clara

19   County, California.  He has been employed as an Installer by Defendants from about 2007 to the

20   present reporting to their San Jose, California warehouse

21      22.     Plaintiff Patricia Pineda resides in San Jose, which is located in Santa Clara County,

22   California.  She was employed as an Installer's Helper by Defendants from about 2008 to January

23   2013 reporting to their San Jose, California warehouse.

24      23.     Plaintiff Miguel Angel Vazquez resides in San Jose, which is located in Santa Clara

25   County, California.  He was employed as an Installer by Defendants from about April 2008 to January

26   2013 reporting to their San Jose, California warehouse.

27   //

28   //

**Defendants**

24.     Defendant National Apartment Flooring, Inc. ("NAF") is a California corporation, with a principal place of business in Los Angeles, California.  NAF is an employer within the meaning of the FLSA and California law because it directly or indirectly, or through an agent or other persons, engaged, suffered, or permitted its employees to work, and/or exercised control over their wages, hours, and/or working conditions.

25.     Defendant Richard Berle ("Berle") is the owner and Chief Operating Officer of National Apartment Flooring, Inc.  Berle is an employer within the meaning of the FLSA because he acted directly and/or indirectly in the interest of and on behalf of National Apartment Flooring, Inc. in relation to its employees, including in relation to Plaintiffs.  Berle is a "joint employer" within the meaning of the FLSA because, on information and belief, he had the power to hire and fire employees, control their conditions of employment, determine their method and rate of payment, and maintain their employment records.

26.     On information and belief, each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Defendants acted in concert and as "joint employers" within the meaning of FLSA and "employers" within the meaning of California law in failing to comply with the wage and hour laws complained of herein.

## V.     FACTUAL BACKGROUND

27.     Defendants operated, and at all times during the California and FLSA Liability Periods, conducted business providing flooring and carpet installation services in Santa Clara County and elsewhere in California.  At its California locations, Defendants, among other things, sourced flooring and carpet material for multifamily property management companies and owners, provided detailed floor plan cost estimates, provided flooring and carpet materials and installation labor, and customer service.  In the course of their employment with Defendants during the California and FLSA Liability Periods, Plaintiffs provided the manual labor to install flooring and carpets at Defendants' customer locations.  In order to do so, they first reported to Defendants' warehouse each day, unloaded and

disposed of garbage in their vehicles from the previous day, waited for instructions and paperwork for the day's projects from office staff, and Installers drove in their own vehicles to the day's projects and gave rides to their Helpers, who assisted them with their projects.  Once Plaintiffs and other Installers and Helpers were provided with all the materials and paperwork for the day, Installers drove their own vehicles to locations several miles away from Defendants' warehouse.  Once they arrived at the apartment complex where they would perform the installation, Installers and Helpers spent considerable time unloading the materials and looking for the apartment manager to open the apartment where they will be working.  Installers and Helpers often also prepared the floor for installation.  Installers often had to leave the installation site when they ran out of material and had return to the warehouse to pick up replenishment material.  Installers and Helpers also cleaned up after installing the flooring or carpet.  They also drove to retail stores such as Home Depot to purchase tools or materials needed to finish the installation.  However, Defendants only paid Plaintiffs and other Installers and Helpers for the square yards of flooring or carpet that they installed and not for any of the time they spent performing the other duties described above during the California and FLSA Liability Periods.

28.     Throughout the FLSA Liability Period, Plaintiffs were covered by FLSA, which requires employers to pay employees one-and-one-half times their normal hourly rate for hours worked in excess of forty (40) per week and provides for liquidated damages in the amount of two times the unpaid overtime wages.  During the California Liability period, Plaintiffs regularly worked in excess of forty (40) hours per week without receiving one-and-one-half times their normal hourly rate for all hours worked in excess of forty (40) hours per week.  They did not fall within any exemption to the overtime pay requirements of the FLSA.

29.     Plaintiffs were covered by Wage Order No. 4-2001.  Throughout the California Liability Period, section 3 of the Wage Order, along with California Labor Code § 510, required employers to pay employees one-and-one-half times their normal hourly rate for hours worked in excess of eight (8) per day and in excess of forty (40) per week, and at twice the normal hourly rate for hours worked in excess of twelve (12) per day and eight (8) on the seventh day worked in a work week.  During the California Liability period, Plaintiffs regularly worked in excess of eight (8) hours

per day and forty (40) hours per week without receiving one-and-one-half times their normal hourly rate for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.  They did not fall within any exemption to the overtime pay requirements of the California Labor Code and applicable wage orders.

30.     During the California Liability Period, Plaintiffs regularly worked in excess of five (5) hours a day without being provided a meal period of at least one half hour in which they were relieved of all duties.  They also regularly worked at least ten (10) hours a day without receiving a second meal period of at least one half hour in which they were relieved of all duties.  Defendants knew these facts, but still permitted, encouraged and/or required Plaintiffs to forego these meal periods.  Plaintiffs did not fall within any exemption to the meal period requirements of the California Labor Code and applicable wage orders.

31.     During the California Liability Period, Plaintiffs regularly worked in excess of four (4) hours a day without being provided a rest period of at least ten minutes in which they were relieved of all duties.  Defendants knew these facts, but still permitted, encouraged and/or required Plaintiffs to forego these rest periods.  Plaintiffs did not fall within any exemption to the rest period requirements of the California Labor Code and applicable wage orders.

32.     During the California Liability Period, Plaintiffs incurred business expenses in purchasing purchase the ancillary items necessary to perform their installation job duties, including glue; tape; nails; cement; knives; garbage bags; and other essential materials for installation.  They also incurred automobile expenses in driving to and from project locations and stores to purchase flooring materials and tools.  However, Defendants failed to fully reimburse Plaintiffs for business expenses reasonably incurred in the course of performing their duties in violation of California Labor Code § 2802.

33.     During the California Liability Period,  Defendants knowingly and intentionally failed to furnish Plaintiffs with timely itemized wage statements accurately showing total hours worked, gross and net wages earned, and all applicable hourly rates, as required by California Labor Code § 226(a).

34.     During the California Liability Period, Defendants failed to keep accurate payroll records showing the actual number of hours worked daily by Plaintiffs, as required by California Labor Code § 1174.

35.     During the California Liability Period, Defendants failed to pay all compensation due and owing to Plaintiffs Alvarenga, Arellano, Gavarrete, Lopez, Pineda and Vazquez,  at the time employment was terminated, as required by California Labor Code §§ 201 and 202.

36.     During the California Liability Period, Defendants violated the UCL by the violations of California law as described above, and violated the UCL by violating the federal overtime laws, as set forth in the FLSA, and as described above.

**FIRST CLAIM**
**DENIAL OF OVERTIME COMPENSATION**
**[FLSA, 29 U.S.C. §§ 207, 211(c), 216(b)]**

37.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 36 above as though fully set forth herein.

38.     Under the FLSA, 29 U.S.C. § 207, Defendants were obligated to compensate Plaintiffs for all hours worked in excess of 40 hours in a week.  Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

39.     During the FLSA Liability Period, Plaintiffs were regularly suffered, permitted, encouraged, and/or required to work in excess of forty (40) hours per week, but were not paid for such overtime work.

40.     By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA, which require overtime compensation to non-exempt employees.

41.     As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiffs were damaged in that they did not receive wages due to them pursuant to the FLSA.

42.      Defendants have made it difficult to account with precision for the unpaid overtime worked by Plaintiffs during the FLSA Liability Period because they did not make, keep, and preserve accurate records of the actual total hours worked by Plaintiffs.

43.     As a result of the unlawful acts of Defendants, Plaintiffs were deprived of overtime compensation in the amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages (or, alternatively, interest), attorneys' fees and costs, and other compensation, pursuant to 29 U.S.C. § 216(b).  Plaintiffs request relief as described below.

<u>SECOND CLAIM</u>
**FAILURE TO PAY FOR ALL HOURS WORKED AND MINIMUM WAGES**
**[Cal. Labor Code §§ 223, 1182.12, 1194, 1194.2, 1197, 1197.1; Wage Order No. 4-2001]**
**[AGAINST DEFENDANT NAF]**

44.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 43 above as though fully set forth herein.

45.     Under California Labor Code §§ 223, 1182.12, 1194, 1194.2, 1197, 1197.1 and Wage Order No. 4-2001, Defendants were obligated to compensate Plaintiffs for all hours worked at the requisite minimum wage.

46.     During the California Liability Period, Plaintiffs were suffered, permitted, and/or required to perform non-installation work, but were not paid for those hours worked as required by California law.

47.     As a result of Defendants' policy and practice of withholding wages for non-installation work performed, Plaintiffs were damaged in that they have not received wages due to them pursuant to California wage and hour laws.

48.     Defendants have made it difficult to account with precision for the unpaid hours worked by Plaintiffs during the California Liability Period, because it did not make, keep, and preserve accurate records of the actual total hours worked by Plaintiffs as required for non-exempt employees by California Labor Code § 1174(d) and Wage Order No. 4-2001.

49.     Defendants' failure to retain accurate records of hours worked by Plaintiffs was willful and deliberate, and designed to serve its policy of unlawfully denying payment of minimum wages to them.

50.      As a result of the unlawful acts of Defendants, Plaintiffs were deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts pursuant to California Labor Code §§ 1194, 1194.2, attorneys' fees, costs, and other compensation.

51.     Plaintiffs request relief as described below.

**THIRD CLAIM**
**DENIAL OF OVERTIME COMPENSATION**
**[Cal. Labor Code §§ 510, 1194; Wage Order No. 4-2001]**
**[AGAINST DEFENDANT NAF]**

52.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 51 above as though fully set forth herein.

53.     Under California Labor Code § 510 and Wage Order No. 4-2001, Defendants were obligated to compensate Plaintiffs for all hours worked in excess of forty (40) hours in a work week and eight (8) hours in one work day.  Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

54.     During the California Liability Period, Plaintiffs were suffered, permitted, and/or required to work in excess of forty (40) hours per week and/or eight (8) hours in one work day, but were not paid for such overtime work as required by California law.

55.     As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiffs were damaged in that they have not received wages due to them pursuant to California wage and hour laws.

56.     Defendants have made it difficult to account with precision for the unpaid overtime worked by Plaintiffs during the California Liability Period, because it did not make, keep, and preserve accurate records of the actual total hours worked by them as required for non-exempt employees by California Labor Code § 1174(d) and Wage Order No. 4-2001.

57.     As a result of the unlawful acts of Defendants, Plaintiffs were deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts pursuant to California Labor Code § 1194, attorneys' fees, costs, and other compensation.

58.     Plaintiffs request relief as described below.

//

//

//

//

COMPLAINT FOR MONEY DAMAGES

**FOURTH CLAIM**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**[Cal. Labor Code § 226]**
**[AGAINST DEFENDANT NAF]**

59.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 58 above as though fully set forth herein.

60.     California Labor Code § 226 (a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, *inter alia*, the total hours worked by the employee, gross wages, net wages, applicable hourly wages, and the corresponding hours *worked* at each hourly rate.  California Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

61.     Defendants knowingly and intentionally failed to furnish Plaintiffs with timely, itemized statements showing the total hours worked by the employee, gross wages, net wages, applicable hourly wages, and the corresponding hours *worked* at each hourly rate, as required by California Labor Code § 226 (a).  Plaintiffs were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period, and the failure to include the information required by Labor Code § 226(a) required them to engage in discovery of outside sources and mathematical computations to reconstruct time records to determine whether Defendants paid them for all hours worked at the correct rate of pay during the applicable pay period.  Because the paystubs were confusing and required consultation of information from outside sources, Plaintiffs suffered a mathematical injury that requires computations to analyze whether the wages paid in fact compensated them for all hours worked.  As a result, Defendants are liable to Plaintiffs for the amounts provided by California Labor Code § 226(b) and an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

62.     Plaintiffs request relief as described below.

## FIFTH CLAIM
### UNLAWFUL FAILURE TO PROVIDE ADEQUATE MEAL AND REST PERIODS
[Cal. Labor Code §§ 226.7, 512; Wage Order No. 4-2001, §§ 11(A), (B); 12(A), (B)]
[AGAINST DEFENDANT NAF]

63.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 62 above as though fully set forth herein.

64.     Plaintiffs regularly worked in excess of five (5) and ten (10) hours a day without being provided a meal period of at least one half hour in which they were relieved of all duties, as required by California Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, §11(A).  Because Defendants failed to provide proper meal periods, it is liable to Plaintiffs for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order Nos. 4-2001, §11(B).

65.     Plaintiffs and other aggrieved employees regularly worked in excess of a major fraction of four (4) hours without being provided a rest period of at least ten (10) minutes.  Because Defendants failed to provide proper rest periods, it is liable to Plaintiffs for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order Nos. 4-2001, §12(B).

66.     Plaintiffs request relief as described below.

## SIXTH CLAIM
### FAILURE TO REIMBURSE BUSINESS EXPENSES
[Cal. Labor Code § 2802]
[AGAINST DEFENDANT NAF]

67.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 66 above as though fully set forth herein.

68.     California Labor Code § 2802 requires an employer to indemnify its employees for all expenses that the employees necessarily expend as a direct result of the discharge of their employment duties or at the direction of the employer.

69.     Defendants required Plaintiffs to purchase the ancillary items necessary to perform their installation job duties, including glue; tape; nails; cement; knives; garbage bags; and other essential materials for installation.  Defendants also required Plaintiffs to drive to and from project locations and

COMPLAINT FOR MONEY DAMAGES

stores to purchase these and other flooring materials.  The cost of these expenses was incurred by Plaintiffs, as a direct consequence of the discharge of their duties.  Plaintiffs are thus entitled to recover these costs under California Labor Code section 2802.

70.     As a result of Defendants' actions, Plaintiffs were deprived of compensation lawfully owed, together with interest thereon.

71.     Plaintiffs request relief as described below.

**SEVENTH CLAIM**
**FAILURE TO PAY COMPENSATION**
**AT TIME OF TERMINATION**
**[Cal. Labor Code §§ 201-203]**
**[AGAINST DEFENDANT NAF]**

72.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 71 above as though fully set forth herein.

73.     California Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing to Plaintiffs Alvarenga, Arellano, Gavarrete, Lopez, Pineda and Vazquez at the time their employment terminated.  California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation for up to thirty (30) work days.

74.     Defendants willfully failed to pay Plaintiffs Alvarenga, Arellano, Gavarrete, Lopez, Pineda and Vazquez all compensation due upon termination of employment as required under California Labor Code §§ 201 and 202.  As a result, Defendants are liable to such Plaintiffs for penalties pursuant to California Labor Code § 203.

75.     Plaintiffs request relief as described below.

**EIGHTH CLAIM**
**UNFAIR COMPETITION LAW - RESTITUTION**
**[Cal. Bus. & Prof. Code §§ 17200-17208]**
**[AGAINST DEFENDANT NAF]**

76.     Plaintiffs incorporate Paragraphs 1 through 75 as though fully set forth herein.

77.     Defendants' failures to pay legally required overtime wages, minimum wages, and regular wages; to provide off-duty meal periods and rest periods; to reimburse reasonably incurred

13

business expenses; to provide itemized statements of hours worked with payments of wages to Plaintiffs; to maintain accurate records of hours worked by Plaintiffs; and to pay all wages due upon discharge constitute unlawful acts prohibited by the UCL (Cal. Bus. & Prof. Code §§ 17200 - 17208).

78.     As a result of these unlawful acts, Defendants have reaped unfair benefits and illegal profits, at the expense of Plaintiffs.  Defendants must make restitution and/or be subject to other equitable relief pursuant to California Business & Professions Code § 17203.  All such remedies are cumulative of relief available under other laws, pursuant to California Business & Professions Code § 17205.

## NINTH CLAIM
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### [PLAINTIFFS VAZQUEZ AND PINEDA AGAINST DEFENDANT NAF]

79.     Plaintiffs incorporate Paragraphs 1 through 78 as though fully set forth herein.

80.     California Labor Code § 98.6 prohibits any person from discharging an employee because of the exercise of the employee on behalf of himself, herself or others of rights afforded to him or her under the Labor Code.

81.     California Labor Code §§ 204, 510, 1194, 1198 and the "Hours & Days of Work" Section of Wage Order 4-2001 provide employees with the right to be paid for all hours worked.

82.     California Labor Code § 206.5 provides that "[a]n employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."

83.     California Labor Code §§ 98.l6, 204, 510, 1194, 1198 and the "Hours & Days of Work" Section of Wage Order 4-2001 embody California's strong public policy in favor of protecting employees from labor and wage and hour violations by their employers.

84.     In January 2013, Defendants required all of their employees, including Plaintiffs Vazquez and Pineda, to sign a Revised Payment Structure Agreement stating in English and in Spanish that they "agree that it shall be deemed that you have been paid for the straight time wages for all hours worked, including any overtime hours from the piece-rate."

85.     In January 2013, Plaintiffs Vazquez and Pineda refused to sign Defendants' Revised Payment Structure Agreement because they had not been paid straight time wages for all hours worked.

86.     Defendants terminated Plaintiffs Vazquez and Pineda because they refused to sign the Revised Payment Structure Agreement.

87.     Defendants' termination of Plaintiffs Vazquez and Pineda was done in violation of California's strong public policy in favor of protecting employees from labor and wage and hour violations by their employers as expressed in Labor Code §§ 98.6, 204, 510, 1194, 1198 and the "Hours & Days of Work" Section of Wage Order 4-2001.

88.     As a direct and proximate result of Defendants' willful, knowing and intentional acts in terminating them, Plaintiffs suffered and continued to suffer mental distress and anguish, loss of earnings, other employment benefits, and job opportunities.  Plaintiffs are therefore entitled to general and compensatory damages in an amount according to proof.

89.     Plaintiffs Vazquez and Pineda request relief as described below.

### TENTH CLAIM
**LABOR CODE PRIVATE ATTORNEY GENERAL ACT –**
**[AGAINST DEFENDANT NAF FOR ALL CIVIL PENALTIES; AND AGAINST**
**DEFENDANT BERLE FOR CIVIL PENALTIES UNDER CAL. LABOR CODE § 558]**

90.     Plaintiffs incorporate Paragraphs 1 through 89 as though fully set forth herein.

91.     Plaintiffs are "aggrieved employees" under the California Labor Code Private Attorney General Act ("PAGA") as they were employed by Defendants during the applicable statutory period and suffered one or more of the California Labor Code violations alleged herein.  As such, they seek to recover the civil penalties provided by PAGA, including civil penalties for violations of violations of California Labor Code §§ 98.6, 204, 226, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1198, 2802, and Wage Order 4-2001, including civil penalties in the amount of underpaid wages to Plaintiffs under California Labor Code § 558, plus reasonable attorney's fees and costs.

92.     Pursuant to California Labor Code § 2699.3 (a), on January 29, 2013, Plaintiffs gave written notice by certified mail to Defendant and the Labor and Workforce Development Agency ("LWDA") of their claims for violations of California Labor Code §§ 98.6, 204, 226, 226.7, 510, 512,

558, 1174, 1194, 1194.2, 1198, 2802 and Wage Order 4-2001, including the facts and theories supporting these claims.  (*See* Exhibit 1 attached hereto.)  As of the date of this Complaint, the LWDA has not responded to this letter.

93.      Plaintiffs request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

**A.**      **FLSA Claims**

1.      A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207;

2.      A declaratory judgment that Defendants' violations of the FLSA were willful;

3.      An award to Plaintiffs of damages in the amount of unpaid overtime compensation to be proven at trial;

4.      An award to Plaintiffs of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

5.      An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and,

6.      An award of such other and further relief as this Court may deem appropriate.

**B.**      **Claims Under California Law**

7.      A declaratory judgment that Defendants have violated the overtime provisions of California Labor Code § 510 and Wage Order No. 4-2001 as to the Plaintiffs;

8.      A declaratory judgment that Defendants have knowingly and intentionally violated California Labor Code § 226 by failing to provide Plaintiffs with itemized statements of total hours worked with each payment of wages;

9.      A declaratory judgment that as to Plaintiffs, Defendants have violated California Labor Code § 226.7 by failing to provide them a meal period of at least one half hour in which they were relieved of all duties after they had worked in excess of five (5) and ten (10) hours a day and a rest period of at least ten minutes after they have worked in excess of four (4) hours;

10.     A declaratory judgment that as to Plaintiffs, Defendants have violated California Labor Code § 2802 by failing to reimburse them for business expenses reasonably incurred in the course of their duties;

11.     A declaratory judgment that as to Plaintiffs Alvarenga, Arellano, Gavarrete, Lopez, Pineda and Vazquez, Defendants have violated California Labor Code §§ 201-203 for willful failure to pay compensation at the time of termination of employment, resulting in unpaid waiting time penalties;

12.     A declaratory judgment that Defendants have violated the UCL (Cal. Bus. & Prof. Code §§ 17200-17208) by failing to pay legally required to pay minimum and overtime wages, to provide meal periods, to reimburse reasonably incurred business expenses, to provide itemized statements of hours worked with payments of wages to Plaintiffs, to maintain accurate records of hours worked by Plaintiffs, and to pay all wages due upon discharge, as required by California law;

13.     An award to Plaintiffs of damages in the amount of unpaid minimum wages for all uncompensated hours worked, an award of liquidated damages in an additional, equal amount, and interest thereon, and penalties subject to proof at trial;

14.     An award to Plaintiffs of damages in the amount of unpaid overtime compensation, an award of liquidated damages in an additional, equal amount (or in the alternative interest thereon), and penalties subject to proof at trial;

15.     An award to Plaintiffs for reimbursement of business expenses pursuant to California Labor Code § 2802, and interest thereon;

16.     An award to Plaintiffs of two (2) hours of additional pay at the regular rate of compensation for each workday that the proper meal and rest periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order Nos. 4-2001, §11(B);

17.     An award of damages to Plaintiffs for Defendants' failure to provide accurate itemized wage statements, pursuant to California Labor Code § 226(a);

18.     An award of payments due to Plaintiffs Alvarenga, Arellano, Gavarrete, Lopez, Pineda and Vazquez whom have left Defendants' employ, as waiting time penalties, pursuant to California Labor Code § 203;

19.     An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs for Defendants' failures to pay legally required minimum wages, regular wages, and overtime wages and interest thereon; to provide meal and rest periods and interest thereon; to reimburse reasonably incurred business expenses, and interest thereon; to provide itemized statements of hours worked with payments of wages to Plaintiffs; to maintain accurate payroll records showing the actual number of hours worked by Plaintiffs; and to pay all wages due upon discharge, in an amount according to proof, pursuant to California Business & Professions Code § 17203;

20.     An order requiring Defendants to provide accurate itemized wage statements pursuant to Labor Code § 226(h).

21.     An award of economic and compensatory damages to Plaintiffs Pineda and Vazquez in amount to be ascertained at trial;

22.     An order imposing all civil penalties provided by law, including but not limited to civil penalties under the PAGA for violations of California Labor Code §§ 98.6, 204, 226, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1198, 2802, and Wage Order 4-2001, and civil penalties in the amount of underpaid wages to Plaintiffs as provided by California Labor Code § 558.

23.     An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code § 1021.5, California Labor Code §§ 226,  226.7, 1194, 2699, 2802, and/or other applicable law; and

24.     An award of such other and further relief as this Court may deem appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury to the extent authorized by law.

Dated:  September 6, 2013                 Respectfully submitted,

                                                         LAW OFFICES OF ENRIQUE MARTINEZ

                                                         /s/  Enrique Martinez
                                                         Attorney for Plaintiffs